L. Paul Mankin (SBN 264038)
Nicholas Dahl (SBN 320777)
LAW OFFICE OF PAUL MANKIN, APC
4655 Cass St., Ste. 410
San Diego, CA 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@paulmankin.com
ndahl@paulmankin.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FIELDS,<br><br>           Plaintiff,<br><br>    vs.<br><br>NATIONWIDE RECOVERY SYSTEMS LTD LIMITED PARTNERSHIP, and DOES 1 through 10 inclusive,<br><br>           Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. Violations of the Rosenthal Fair Debt Collection Practices Act [ Cal. Civ. Code § 1788, *et seq*.]<br><br>2. Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.] |

### INTRODUCTION

1. This is an action for damages brought by Plaintiff Brandon Field ("Plaintiff") for Defendant Nationwide Recovery Systems Ltd Limited Partnership's ("Defendant") violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

COMPLAINT - 1

Ancillary to the claim(s) above, Plaintiff further alleges a claim for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## PARTIES

2. Plaintiff is a natural person who at all times herein mentioned was a resident of the City of Los Alamitos, County of Orange, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "person" as defined by Cal. Civ. Code §1788.2(g).

3. At all relevant times herein, Defendant was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by Cal. Civil Code § 1788.2(c). Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's Federal claims arising under 47 U.S.C. § 227, *et seq*. The court has supplement jurisdiction over the state law claim(s) pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Central District of California pursuant to 15 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in that district.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged debt.

7. The alleged debt sought to be collected arose in which property, services, or money was acquired on credit primarily for personal, family, or household purpose. Consequently, the alleged financial obligation was the result of a

"consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and the alleged debt is a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

8. Defendant has regularly placed calls to Plaintiff in an attempt to collect the alleged debt. The calls Defendant made to Plaintiff were to Plaintiff's cellular telephone.

9. Defendant repeatedly contacted Plaintiff on his cellular telephone four (4) times per day.

10. On information and belief, Plaintiff alleges that Defendant contacted him past as early as 5:00 a.m. on his cellular telephone in an attempt to collect the alleged debt. Plaintiff has repeatedly informed Defendant that he lives in California.

11. On information and belief, within the four years preceding the filing of this complaint, Defendant used an "automatic telephone dialing system" (hereinafter, "ATDS"), as defined by 47 U.S.C § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the alleged debt. Plaintiff basis his belief that Defendant used an ATDS due to the frequency and consist times of day that he received collection calls from Defendant. Additionally, more times than not, there would be a significant pause between the time Plaintiff answered his telephone with a verbal greeting and when Defendant's collection representative would respond to Plaintiff's greeting with a live response.

12. On numerous occasions Plaintiff requested that Defendant stop contacting him by phone regarding the alleged debt. Plaintiff's request(s) to Defendant revoked Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed.

13. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

14. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

15. At all times relevant to this action, Defendant owned, operated and or controlled an "ATDS" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

16. Defendant is not a tax-exempt nonprofit organization.

## COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates paragraphs 1 through 16 as if fully written herein.

18. 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA.

19. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

   b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

   c) Contacting Plaintiff before 8:00 a.m. or after 9:00 p.m. in an attempt to collect a debt (15 U.S.C. § 1692c(a)(1);

    d) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692(d));

    e) Caused the telephone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5)).

20. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

21. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff reincorporates paragraphs 1 through 21 as if fully written herein.

23. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

25. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for

each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

28.  Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.  Actual damages;

    B.  Statutory damages

    C.  Costs and reasonable attorney's fees; and

    D.  For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: March 11, 2021            LAW OFFICE OF PAUL MANKIN APC

*L. Paul Mankin*
_____
L. Paul Mankin, Esq.
Attorney for Plaintiff